LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, CA 95814
Telephone: (916) 504-3933

Attorney for Defendant
DENIS GUTSU

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DENIS GUTSU, and<br>MAXIM GUTSU,<br><br>    Defendants. | CASE NO. 2:23-cr-0272 DC<br><br>**STIPULATION AND ORDER SETTING STATUS CONFERENCE FOLLOWING CASE REASSIGNMENT AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Date: January 24, 2025<br>Time: 9:30 a.m.<br>Court: Hon. Dena M. Coggins |

1. This matter is set for a status conference on January 24, 2025. By this Stipulation, Defendants Denis and Maxim Gutsu move to continue the status conference to April 25, 2025.

2. On October 8, 2024, Chief Judge Troy L. Nunley issued an Order Reassigning Case (ECF Docket Entry 53; hereafter referred to as the "Reassignment Order") from United States District Judge Dale A. Drozd to this Court for all further proceedings.

3. The Reassignment Order vacated all court appearances set at that time and directed the parties to select an appropriate future court appearance date consistent with Judge Coggins' criminal calendar. At approximately the same time that Chief Judge Nunley issued the Reassignment Order, substitute counsel requested approval of his request to replace prior counsel for Defendant Denis Gutsu. (ECF Document 54). That

1

STIPULATION & ORDER CONTINUING TCH

request was approved by United States Magistrate Judge Sean C. Riordan on October 18, 2024. (ECF Document 55).

4. This case involves a charged conspiracy to commit money laundering by means of the online resale of fraudulently acquired gift cards.

5. According to the most recent stipulations continuing this matter (ECF Document 52 and 57), the government has provided gigabytes of discovery materials consisting of, among other items, credit card records, receipts, text messages, and images obtained during surveillance or seized from digital devices. The discovery in the case can fairly be described as voluminous, involving more than 25,000 pages of materials.

6. The discovery produced by the government is subject to a protective order. (ECF Documents 31 and 59). The protective order seeks to avoid the unnecessary disclosure or dissemination of defined personal identifying information ("PII") of third parties which is included within the materials gathered by the government during its investigation. To this end, defense counsel are only permitted to review with their respective clients discovery materials containing PII while the clients are in the presence of defense counsel or specified members of the defense team. The protective order expressly bars defense counsel from reproducing such materials and giving them to the client for personal review outside the presence of defense counsel or an approved defense team member.

7. The government appropriately requested as a precondition to production of discovery material to substitute counsel for Denis Gutsu that he agree to the terms of the protective order, which he did within days of approval of his request to substitute into the case (ECF Documents 55, 58, 59). The government further requested that substitute counsel provide it with an external hard drive device with sufficient memory for storage of the voluminous discovery materials. Substitute defense counsel promptly provided such a device by hand delivering it to the U.S. Attorney's Office after approval of the protective order. The U.S. Attorney's Office made an initial disclosure of materials to substitute counsel on the external hard drive on November 14, 2024.

8. Substitute counsel for Denis Gutsu immediately commenced review of the voluminous materials. Such review is crucial to defense preparation and discussion of potential defenses with Denis Gutsu. This is particularly true since the existing protective order imposes a requirement of in-person meetings with the client whenever review of PII information occurs. Defense counsel for Maxim Gutsu is also continuing his review of discovery materials to identify specific items which need to be reviewed and discussed in-person. This in-person review by counsel for both Defendants is time consuming, but it is a prerequisite to completing defense investigation of potential defenses in the case.

9. In-person discovery review meetings must take place at defense counsel's offices. The available dates for such meetings are limited by counsels' trial and court appearance schedules. In addition, since approval of the substitution request for Denis Gutsu's new counsel, there have been several holidays, starting with Thanksgiving and proceeding through days of tribute to honor former President Carter and the Reverend Martin Luther King, Jr.

10. Given ongoing defense investigation, defense counsel represent and believe that continuance of the status conference is necessary. The purpose of the continuance is to allow defense counsel time to conduct discovery review with their respective clients, and to undertake defense investigation into potential defenses. The government does not oppose the request.

11. Based on the above-stated facts, Defendants request the Court find that the ends of justice served by continuing the case as requested outweigh the best interest of the public and the Defendants in a trial within the time prescribed by the Speedy Trial Act.

12. For purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the period of January 24, 2025, up to April 25, 2025, inclusive, is deemed excludable under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) [Local Code T-4].

13. Nothing in this stipulation and order shall preclude a finding that other provisions of the

Speedy Trial Act dictate that additional time periods are excludable from the period during which trial must commence.

Assistant U.S. Attorney Nicholas M. Fogg on behalf of the United States, and Attorney Timothy Zindel on behalf of Defendant Maxim Gutsu, have reviewed this stipulation and authorized Attorney Todd D. Leras via email to sign it on their behalf.

Dated:  January 15, 2025         */s/ Timothy Zindel*
                                 _____
                                 TIMOTHY ZINDEL
                                 Attorney for Defendant
                                 MAXIM GUTSU
                                 (Per email authorization)

Dated: January 15, 2025          */s/ Todd Leras*
                                 _____
                                 TODD LERAS
                                 Attorney for Defendant
                                 DENIS GUTSU

Dated:  January 15, 2025         MICHELE BECKWITH
                                 Acting United States Attorney

                                 */s/ Nicholas M. Fogg*
                           By:   _____
                                 NICHOLAS M. FOGG
                                 Assistant United States Attorney
                                 (Per email authorization)

**ORDER**

BASED ON THE REPRESENTATIONS AND STIPULATIONS OF THE PARTIES, it is hereby ORDERED that the Status Conference, set for January 24, 2025, is vacated. A new Status Conference is set for April 25, 2025, at 9:30 a.m. before Judge Dena M. Coggins in Courtroom 8.

The Court further finds, based on the representations of the parties, that the ends of justice served by continuing the case as requested outweigh the best interests of the public and the Defendants in a speedy trial.

Time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), Local Code T-4, to allow necessary attorney preparation, taking into consideration the exercise of due diligence, for the period from January 24, 2025, up to and including April 25, 2025.

'

IT IS SO ORDERED.

Dated:   **January 17, 2025**

_____
Dena Coggins
United States District Judge