1  LAW OFFICE OF TODD D. LERAS
2  Todd D. Leras, CA SBN 145666
   455 Capitol Mall, Suite 802
   Sacramento, CA 95814
3  Telephone: (916) 504-3933

4  Attorney for Defendant
   DENIS GUTSU
5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA, | CASE NO. 2:23-cr-0272 DC |

12 | Plaintiff, | **STIPULATION AND ORDER SETTING STATUS CONFERENCE FOLLOWING CASE REASSIGNMENT AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT** |

13 | v. |

14 | DENIS GUTSU, and
     MAXIM GUTSU, |

15 | | Date:  April 25, 2025
        Time: 9:30 a.m.

16 | Defendants. | Court: Hon. Dena M. Coggins |

17

18    1. This matter is presently set for a status conference on April 25, 2025. On April 9,
19       2025, the courtroom deputy notified counsel via email that, due to a scheduling
20       conflict, the Court would not be holding a criminal calendar on April 25, 2025. By
21       this Stipulation, Defendants Denis and Maxim Gutsu move to continue the status
22       conference to June 13, 2025.
23    2. On October 18, 2024, Attorney Todd D. Leras received approval of his request to
24       substitute into this case as counsel for Defendant Denis Gutsu. (ECF Documents 54
25       and 55).
26    3. This case involves a charged conspiracy to commit money laundering by means of
27       the online resale of fraudulently acquired gift cards.
28
                                              1
STIPULATION & ORDER CONTINUING STATUS
CONFERENCE AND EXCLUDING TIME

4. According to previous stipulations continuing this matter (ECF Document 52 and 57), the government has provided gigabytes of discovery materials consisting of, among other items, credit card records, receipts, text messages, and images obtained during surveillance or seized from digital devices. The discovery in the case can fairly be described as voluminous, involving more than 25,000 pages of materials.

5. The discovery produced by the government is subject to a protective order. (ECF Documents 31 and 59).  The protective order seeks to avoid the unnecessary disclosure or dissemination of defined personal identifying information ("PII") of third parties which is included within the materials gathered by the government during its investigation.  To this end, defense counsel are only permitted to review with their respective clients discovery materials containing PII while the clients are in the presence of defense counsel or specified members of the defense team.  The protective order expressly bars defense counsel from reproducing such materials and giving them to the client for personal review outside the presence of defense counsel or an approved defense team member.

6. Substitute counsel for Denis Gutsu immediately commenced review of the voluminous materials after the government produced it to him.  Such review is crucial to defense preparation and discussion of potential defenses with Denis Gutsu.  Defense counsel for Maxim Gutsu is also continuing his review of discovery materials to identify specific items which need to be reviewed and discussed in-person.  This in-person review by counsel for both Defendants is time consuming, but it is a prerequisite to completing defense investigation of potential defenses in the case and meaningful discussion of resolution through a plea agreement between the parties.

7. Given ongoing defense investigation, defense counsel represent and believe that continuance of the status conference is necessary.  The purpose of the continuance is to allow defense counsel time to conduct discovery review with their respective clients, and to undertake defense investigation into potential defenses.  The government does not oppose the request.

STIPULATION & ORDER CONTINUING STATUS
CONFERENCE AND EXCLUDING TIME                2

8. Based on the above-stated facts, Defendants request the Court find that the ends of justice served by continuing the case as requested outweigh the best interest of the public and the Defendants in a trial within the time prescribed by the Speedy Trial Act.

9. For purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the period of April 25, 2025, up to June 13, 2025, inclusive, is deemed excludable under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) [Local Code T-4].

10. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period during which trial must commence.

Assistant U.S. Attorney Nicholas M. Fogg on behalf of the United States, and Attorney Timothy Zindel on behalf of Defendant Maxim Gutsu, have reviewed this stipulation and authorized Attorney Todd D. Leras via email to sign it on their behalf.

Dated: April 15, 2025            */s/ Timothy Zindel*
                                 _____
                                 TIMOTHY ZINDEL
                                 Attorney for Defendant
                                 MAXIM GUTSU
                                 (Per email authorization)

Dated: April 15, 2025            */s/ Todd Leras*
                                 _____
                                 TODD LERAS
                                 Attorney for Defendant
                                 DENIS GUTSU

Dated: April 15, 2025            MICHELE BECKWITH
                                 Acting United States Attorney

                                 */s/ Nicholas M. Fogg*
                        By:      _____
                                 NICHOLAS M. FOGG
                                 Assistant United States Attorney
                                 (Per email authorization)

| | |
|---|---|
| 1 | **ORDER** |
| 2 | BASED ON THE REPRESENTATIONS AND STIPULATIONS OF THE PARTIES, it |
| 3 | is hereby ORDERED that the Status Conference, set for April 25, 2025, is VACATED and |
| 4 | RESET for June 13, 2025, at 9:30 a.m. in Courtroom 8 before the Honorable Dena M. Coggins. |
| 5 | The Court further finds, based on the representations of the parties, that the ends of justice |
| 6 | served by continuing the case as requested outweigh the best interests of the public and the |
| 7 | Defendants in a speedy trial. |
| 8 | Time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161 (h)(7)(A) and |
| 9 | (B)(iv), Local Code T-4, to allow necessary attorney preparation, taking into consideration the |
| 10 | exercise of due diligence, for the period from April 25, 2025, up to and including June 13, 2025. |

IT IS SO ORDERED.

Dated:   **April 16, 2025**

Dena Coggins
United States District Judge

STIPULATION & ORDER CONTINUING STATUS
CONFERENCE AND EXCLUDING TIME                4